Form as of August 20, 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

Lopez et al.

        Plaintiff(s),

-against-

L'Oreal USA, Inc.

        Defendant(s).

21 CIV. NO. 07300

**[Proposed] Civil Case Management Plan and Scheduling Order**

---

The parties submit this [Proposed] Civil Case Management Plan and Order pursuant to Federal Rule of Civil Procedure 26(f):

**1.**   **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on <u>October 3, 2022</u>.

**2.**   **Alternative Dispute Resolution / Settlement:**

   **a.**   Settlement discussions have ☐ / have not ☑ taken place.

   **b.**   The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

     Plaintiffs request the following: (1) copies of all applicable insurance agreements, (2) nationwide sales data for the Class Products. Defendant is considering these requests but has not yet agreed to exchange.

   **c.**   The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:

     The parties plan to engage a private mediator, if and when appropriate.

    **d.**    The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

        The current expectation is that a mediation would take place after depositions are substantially completed and/or near the end of fact discovery.

    **e.**    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

**3.**    **The Parties' Summary of Their Claims, Defenses, and Relevant Issues:**

Plaintiff(s):

Plaintiffs allege that Defendant makes false and/or misleading "anti-aging" claims on the packaging of its L'Oréal Collagen Moisture Filler Day/Night Cream and L'Oréal Fragrance-Free Collagen Moisture Filler Daily Moisturizer (collectively, the "Products").

Defendant(s):

Defendant denies that it makes false and/or misleading claims on the packaging of the Products.

**4.**    **The Parties' Asserted Basis of Subject Matter Jurisdiction:**

Plaintiffs allege the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from the Defendant.

**5.**    **Subjects on Which Discovery May Be Needed:**

Plaintiff(s):

Plaintiff intends to seek discovery regarding, among other things: (i) sales and pricing data for each of the Products; (ii) label/packaging exemplars and changes for each of the Products; (iii) documents concerning the Products' labeling claims; (iv) marketing of the Products; (v) testing of the Products; and (vi) purchaser information.

<u>Defendant(s)</u>:

Defendant intends to seek discovery regarding, among other things, the facts surrounding Plaintiffs' alleged purchase of the Products.

6. **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than <u>October 28, 2022</u>.

7. **Amended Pleadings:**

   a. No additional parties may be joined after <u>January 12, 2023</u>. Any motion to join after this date will need to meet the good cause requirements of F.R.C.P. 16.

   b. No amended pleadings may be filed after <u>January 12, 2023</u>. Any motion to amend after this date will need to meet the good cause requirements of F.R.C.P. 16.

8. **Fact Discovery:**

   a. All fact discovery shall be completed by <u>October 31, 2023</u>.

   b. Initial requests for production were/will be served by <u>October 28, 2022</u>. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

   c. Initial interrogatories shall be served by <u>October 28, 2022</u>. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

   d. Depositions shall be completed by <u>October 31, 2023</u>.

   e. Requests to admit shall be served by <u>August 31, 2023</u>.

   f. The parties propose the following limits on discovery:

   The parties do not believe any deviations from the limits in the FRCP are required.

   g. Except as otherwise modified in 8(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to

       the Court, provided that the parties meet the deadline for completing fact discovery.

  **h.**  The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

       The parties are unaware of any issues for the Court to address at this time.

**9. Expert Discovery (if applicable):**

  **a.**  The parties do ✔ / do not ☐ anticipate using testifying experts.

  **b.**  Anticipated areas of expertise:

       Plaintiff: Issues related to class certification damages and merits.

       Defendant: Issues related to (1) consumer beliefs/understanding/perceptions, (2) scientific evidence about the function of collagen in the product, and (3) the product's effectiveness/efficacy.

  **c.**  Expert discovery shall be completed by March 31, 2024.

  **d.**  By Aug. 11, 2023, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

  **e.**  The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

**10. Electronic Discovery and Preservation of Documents and Information:**

(If appropriate for the case, use the Court's Joint Electronic Discovery Submission and Proposed Order available at: http://nysd.uscourts.gov/judge/Lehrburger.

  **a.**  The parties have ✔ / have not ☐ discussed electronic discovery.

  **b.**  If applicable, the parties shall have a protocol for electronic discovery in place by December 7, 2022.

    **c.**    The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

        The parties are unaware of any issues for the Court to address at this time.

**11.**    **Anticipated Motions** (other than summary judgment, if any)**:**

    Plaintiffs anticipate moving for class certification after the close of discovery.

**12.**    **Summary Judgment Motions:** No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

    If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

    Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

**13.**    **Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

**14.**    **Trial:**

    **a.**    All parties do ☐ / do not ☑ consent to a trial before a Magistrate Judge at this time.

    **b.**    The case is ☑ / is not ☐ to be tried to a jury.

    **c.**    The parties estimate that the trial of this case will require 10-15 days.

**15.**    **Other Matters the Parties Wish to Address (if any):**

    The parties are unaware of any issues for the Court to address at this time.

**16.**   The Court will fill in the following:

☐  A status conference will be held before the undersigned on _____ at _____.m. in Courtroom 18D, 500 Pearl Street.

☐  The parties shall submit a joint status letter by _____ no longer than ___ pages.

Dated:  October 5, 2022

SO ORDERED.

_____
ROBERT W. LEHRBURGER
United States Magistrate Judge

PLAINTIFF(S):

Alec M. Leslie

ATTORNEY NAME(s):

DEFENDANT(S):

Thomas B. Mayhew

ATTORNEY NAME(s)

| Bursor & Fisher, P.A. | Farella Braun + Martel LLP |
|---|---|
| 888 Seventh Avenue<br>New York, NY 10019 | 235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104 |
| ADDRESS | ADDRESS |
| TEL: (646) 837-7150 | TEL: (415) 954-4400 |
| EMAIL: aleslie@bursor.com | EMAIL: tmayhew@fbm.com |