**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROCIO LOPEZ and RACHEL LUMBRA, individually and on behalf of all others similarly situated,,<br><br>Plaintiffs,<br><br>vs.<br><br>L'ORÉAL USA, INC.,<br><br>Defendant. | CASE NO. 1:21-cv-07300-ALC<br><br>**DEFENDANT L'ORÉAL USA, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:        Andrew L. Carter, Jr.<br><br>Action Filed:   August 31, 2021 |

Defendant L'Oréal USA, Inc. ("Defendant") hereby answers Plaintiffs Rocio Lopez's and Rachel Lumbra's ("Plaintiffs'") First Amended Class Action Complaint ("FAC") as follows. Defendant has included the headings used by Plaintiffs in the FAC below for ease of review and it otherwise denies any allegations contained in the headings.

**NATURE OF THE ACTION**

1.      Defendant denies the allegations characterizing the Products' packaging and marketing, which speaks for itself.  The remaining allegations in Paragraph 1 are legal argument, to which no response is required.  To the extent a response is required, Defendant denies those allegations.

2.      Defendant denies knowledge or information sufficient to conclusively admit the allegations in Paragraph 2, and on that basis denies them.

3.      Defendant denies knowledge or information sufficient to conclusively admit the allegations in Paragraph 3, and on that basis denies them.

1

4.      Defendant denies knowledge or information sufficient to conclusively admit the allegations in Paragraph 4, and on that basis denies them.

5.      Defendant denies knowledge or information sufficient to conclusively admit the allegations in Paragraph 5, and on that basis denies them.

6.      Defendant denies knowledge or information sufficient to conclusively admit the allegations in Paragraph 6, and on that basis denies them.

7.      Defendant denies knowledge or information sufficient to conclusively admit the allegations in Paragraph 7, and on that basis denies them.

8.      The allegations in Paragraph 8 are legal argument, to which no response is required.  To the extent a response is required, Defendant denies those allegations, including those allegations characterizing the Products' packaging, which speaks for itself.

9.      Defendant denies knowledge or information sufficient to form a belief as to Plaintiffs' allegations of purchase of the Products and their alleged reliance on specific representations on the packaging of the Products.  The remaining allegations in Paragraph 9 are legal argument, to which no response is required.  To the extent a response is required, Defendant denies those allegations.

## **PARTIES**

10.     Defendant denies knowledge or information sufficient to form a belief as to the allegations of Plaintiff's residency, purchase of the Product, and her alleged reliance on specific representations on the packaging of the Product.  The remaining allegations in Paragraph 10 are legal argument, to which no response is required.  To the extent a response is required, Defendant denies those allegations.

11. Defendant denies knowledge or information sufficient to form a belief as to the allegations of Plaintiff's residency, purchase of the Product, and her alleged reliance on specific representations on the packaging of the Product. The remaining allegations in Paragraph 11 are legal argument, to which no response is required. To the extent a response is required, Defendant denies those allegations.

12. Defendant admits that it is a Delaware corporation with its principal place of business in New York. The term "responsible" is legal argument to which no response is required. Defendant denies the remaining allegations of Paragraph 12.

## JURISDICTION AND VENUE

13. Defendant admits that the FAC seeks to pursue a class action (but denies that a class should be certified) and that jurisdiction is proper under 28 U.S.C. section 1332 based on Plaintiffs' allegations.

14. Defendant does not contest the allegation that there is personal jurisdiction over Defendant with respect to the claims brought by the individual Plaintiffs, but denies that there is personal jurisdiction over claims by unnamed putative class members. Defendant admits that it maintains its corporate headquarters and principal place of business in this judicial district.

## FACTUAL ALLEGATIONS

**A. Collagen Products in the Beauty Industry**

15. Defendant denies knowledge or information sufficient to conclusively admit the allegations in Paragraph 15, and on that basis denies them.

16. Defendant denies knowledge or information sufficient to conclusively admit the allegations in Paragraph 16, and on that basis denies them.

17. Defendant denies knowledge or information sufficient to conclusively admit the allegations in Paragraph 17, and on that basis denies them.

18. Defendant denies knowledge or information sufficient to conclusively admit the allegations in Paragraph 18, and on that basis denies them.

19. Defendant denies knowledge or information sufficient to conclusively admit the allegations in Paragraph 19, and on that basis denies them.

20. Defendant denies knowledge or information sufficient to conclusively admit the allegations in Paragraph 20, and on that basis denies them.

21. Defendant denies knowledge or information sufficient to conclusively admit the allegations in Paragraph 21, and on that basis denies them..

**B. Defendant's Misrepresentations Regarding The Products**

22. Defendant denies the allegations in Paragraph 22 as characterizations of the Products' packaging and marketing, which speaks for itself.

23. Defendant admits the allegations in Paragraph 23, except that it denies that the collagen ingredients are properly characterized as a "preservative."

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies knowledge or information sufficient to conclusively admit the allegations in Paragraph 25, and on that basis denies them.

26. Defendant denies knowledge or information sufficient to conclusively admit the allegations in Paragraph 26, and on that basis denies them.

27. Defendant denies that its advertising and marketing of the Products is false or misleading.  Defendant denies the allegations characterizing the Products' packaging and marketing, which speaks for itself.  The remaining allegations in Paragraph 27 are legal

argument to which no response is required. To the extent a response is required, Defendant denies those allegations.

28. The allegations in Paragraph 28 are legal argument to which no response is required. To the extent a response is required, Defendant denies those allegations.

29. The allegations in Paragraph 29 are legal argument to which no response is required. To the extent a response is required, Defendant denies those allegations.

30. Defendant admits that it employs professional chemists to create and test formulas for its Products. The remaining allegations in Paragraph 30 are legal argument to which no response is required. To the extent a response is required, Defendant denies those allegations.

31. Defendant denies the allegations in Paragraph 31.

32. The allegations in Paragraph 32 are legal argument to which no response is required. To the extent a response is required, Defendant denies those allegations.

## CLASS ALLEGATIONS

33. Defendant adopts and re-alleges its responses to Paragraphs 1-32 of the FAC.

34. Defendant denies that a class action based on the alleged class definition and class period is appropriate, and denies the allegations in Paragraph 34 of the FAC on that basis.

35. Defendant denies that a class action based on the alleged class definition and class period is appropriate, and denies the allegations in Paragraph 35 of the FAC on that basis.

36. Defendant denies that a class action based on the alleged class definition and class period is appropriate, and denies the allegations in Paragraph 36 of the FAC on that basis.

37. Defendant denies that a class action based on the alleged class definition and class period is appropriate, and denies the allegations in Paragraph 37 of the FAC on that basis.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

## COUNT I

### Violation Of New York's Gen. Bus. Law § 349

### (On Behalf Of The New York Subclass)

47. Defendant adopts and re-alleges its responses to Paragraphs 1-46 of the FAC.

48. Defendant denies the allegations in Paragraph 48, except admits that Plaintiff Lumbra purports to bring a cause of action on behalf of herself and the proposed subclass.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff Lumbra's purchase of the Products.  The remaining allegations in Paragraph 50 are legal argument to which no response is required.  To the extent a response is required, Defendant denies those allegations.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant admits that Plaintiff Lumbra seeks damages under New York's Gen. Bus. Law § 349. To the extent a response is required, Defendant denies the allegations in Paragraph 54.

## COUNT II

### Violation Of New York's Gen. Bus. Law § 350

### (On Behalf Of The New York Subclass)

55. Defendant adopts and re-alleges its responses to Paragraphs 1-54 of the FAC.

56. Defendant denies the allegations in Paragraph 56, except admits that Plaintiff Lumbra purports to bring a cause of action on behalf of herself and the proposed subclass.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff Lumbra's purchase of the Products. The remaining allegations in Paragraph 58 are legal argument to which no response is required. To the extent a response is required, Defendant denies those allegations.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant admits that Plaintiff Lumbra seeks damages under New York's Gen. Bus. Law § 350. To the extent a response is required, Defendant denies the allegations in Paragraph 62.

## COUNT III

### Breach Of Express Warranty

### (On Behalf Of The Class And The New York Subclass)

63. Defendant adopts and re-alleges its responses to Paragraphs 1-62 of the FAC.

64. Defendant denies the allegations in Paragraph 64, except admits that Plaintiff Lumbra purports to bring a cause of action on behalf of herself and the proposed class and subclass.

65. Defendant denies the allegations characterizing the Products' packaging and marketing, which speaks for itself. The remaining allegations in Paragraph 65 are legal argument, to which no response is required. To the extent a response is required, Defendant denies those allegations.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant admits that Plaintiffs' counsel sent Defendant a letter dated August 10, 2021, and that the contents of the letter speak for itself. Defendant denies the remaining allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

## COUNT IV

### Violation of California's Consumers Legal Remedies Act

### California Civil Code § 1750, *et seq.*

69. Defendant adopts and re-alleges its responses to Paragraphs 1-68 of the FAC.

70. Defendant denies the allegations in Paragraph 70, except admits that Plaintiff Lopez purports to bring a cause of action on behalf of herself and the proposed subclass.

8

71. Defendant denies the allegations in Paragraph 71, except admits that Plaintiff Lopez purports to bring a cause of action pursuant to California's Consumers Legal Remedies Act.

72. The allegations in Paragraph 72 are legal argument to which no response is required. To the extent a response is required, Defendant denies those allegations.

73. The allegations in Paragraph 73 are legal argument to which no response is required. To the extent a response is required, Defendant denies those allegations.

74. The allegations in Paragraph 74 are legal argument to which no response is required. To the extent a response is required, Defendant denies those allegations.

75. The allegations in Paragraph 75 are legal argument to which no response is required. To the extent a response is required, Defendant denies those allegations.

76. Defendant denies the allegations characterizing the Products' packaging and marketing, which speaks for itself. Defendant denies the remaining allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

78. The allegations in Paragraph 78 are legal argument to which no response is required. To the extent a response is required, Defendant denies those allegations.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant admits that Plaintiff Lopez seeks damages under the CLRA. To the extent a response is required, Defendant denies the allegations in Paragraph 83.

## COUNT V

## Violation of California's False Advertising Law ("FAL")

### Business & Professions Code § 17500, *et seq.*

84. Defendant adopts and re-alleges its responses to Paragraphs 1-83 of the FAC.

85. Defendant denies the allegations in Paragraph 85, except admits that Plaintiffs purport to bring a cause of action on behalf of themselves and the proposed class and subclass.

86. Defendant denies the allegations characterizing the Products' packaging and marketing, which speaks for itself. Defendant denies the remaining allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

88. Defendant denies the allegations in Paragraph 88.

89. Defendant denies the allegations in Paragraph 89.

## COUNT VI

## Unlawful Business Practices In Violation of California's Unfair Competition Law ("UCL")

### Business & Professions Code §§ 17200, *et seq.* (Unlawful Practices)

90. Defendant adopts and re-alleges its responses to Paragraphs 1-89 of the FAC.

91. Defendant denies the allegations in Paragraph 91, except admits that Plaintiff Lopez purports to bring a cause of action on behalf of herself and the proposed class and subclass.

92. The allegations in Paragraph 92 are legal argument to which no response is required. To the extent a response is required, Defendant denies those allegations.

93. The allegations in Paragraph 93 are legal argument to which no response is required. To the extent a response is required, Defendant denies those allegations.

94. Defendant denies the allegations in Paragraph 94.

95. The allegations in Paragraph 95 are legal argument to which no response is required. To the extent a response is required, Defendant denies those allegations.

96. Defendant denies the allegations in Paragraph 96.

97. Defendant denies that the Products were "deceptively market[ed] and label[ed]."

98. Defendant denies the allegations in Paragraph 98.

99. Defendant denies the allegations in Paragraph 99.

100. Defendant denies the allegations in Paragraph 100.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to relief, and on that basis, denies all of the allegations under the Prayer for Relief section on pages 22-23 of the FAC.

## AFFIRMATIVE DEFENSES

Defendant alleges the following separate affirmative defenses to the causes of action alleged in the FAC. By alleging these affirmative defenses, Defendant does not agree or concede that it has the burden of proof of any element of these defenses. Defendant further states that it has insufficient knowledge or information upon which to form a belief as to whether it may have additional, separate defenses, and therefore reserves the right to assert additional, separate affirmative defenses in the event discovery indicates such affirmative defenses are appropriate. As separate affirmative defenses to the FAC, and to each purported cause of action asserted therein, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The FAC, and each purported cause of action therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The FAC, and each purported cause of action therein, is barred in whole or in part by the applicable statutes of limitations imposed by New York law, California law, or the law of other states, as appropriate. Which statute of limitations applies depends on the cause of action and the Plaintiffs, including the results of a choice-of-law analysis. In California, at least some class members' claims are barred by the three-year statute of limitations for fraud, the three-year statute of limitations for actions brought under the Consumer Legal Remedies Act, Code of Civil Procedure § 1783, and the three-year statute of limitations for actions for false advertising under Business and Professions Code § 17500 (*see* Code of Civil Procedure § 338(a)). In New York, at least some class members' claims are barred by the three-year statute of limitations for actions brought under the New York General Business Law §§ 349, 350 (*see* Civil Practice Law and Rules § 214(2)). Some class members' claims may also be barred by the four-year statute of limitations under California Business and Professions Code § 17208.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Representative Standing)

The FAC and each purported cause of action alleged therein which is asserted in a representative capacity are barred because Plaintiffs lack standing to bring one or more of the causes of action or requests for relief on her own behalf or in a representative capacity.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Satisfy Fed. R. Civ. P. 23 Class Certification Requirements)

Plaintiffs' civil action against Defendant cannot proceed as a class action because the alleged putative plaintiff class fails to meet the requirements of Federal Rule of Civil Procedure

Rule 23 and corresponding case law to maintain a class action.  Without limitation, the alleged putative class is not ascertainable, lacks sufficient numerosity, does not possess sufficiently predominant common and typical issues of law and fact, and does not have sufficient commonality of injuries and damages to warrant class treatment.  Further, the named Plaintiffs do not adequately represent the interests of the alleged putative plaintiff class, nor does their respective counsel fairly protect the interests of the alleged putative plaintiff class.  Moreover, there is no benefit to litigants or the Court in maintaining this civil action as a class action, and class action status is not superior to maintaining this civil action as an individual action in the normal course of the judicial system.

### FIFTH AFFIRMATIVE DEFENSE

### (Choice of Law)

Some or all of the claims made in the FAC are governed by the laws of the state in which the Plaintiffs and/or other class members reside and/or in which the transaction giving rise to their claims took place, and not New York or California law.

### SIXTH AFFIRMATIVE DEFENSE

### (Expectation About Collagen Met By Product)

Many class members don't know what collagen is, and/or don't have any knowledge about how collagen works in skincare products.  Even if a class member erroneously believed that the collagen in the purchased products provided benefits in a specific way, they should not obtain relief because the product they received did in fact provide those benefits.

## SEVENTH AFFIRMATIVE DEFENSE

### (Set-Off/Value Received)

Plaintiffs, and any class members, received all or substantially all of the benefit they sought from the Products, and their damages or other monetary relief should be reduced by the value of any goods received.

## EIGHTH AFFIRMATIVE DEFENSE

### (Purchase for Re-Sale or Economic Use)

The claims of certain class members are barred because they bought the product either to re-sell or to incorporate into another product for sale.

## NINTH AFFIRMATIVE DEFENSE

### (Federal Preemption)

The claims are barred to the extent that they are preempted by federal law, including specifically by FDA labeling requirements and the prohibition on private rights of action to enforce FDA rules.

## TENTH AFFIRMATIVE DEFENSE

### (Reasonable Notice)

Plaintiffs, and any class members, cannot obtain relief on any causes of action asserted in the FAC because Defendant provided notice of all material facts.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

Plaintiffs, and any class members, have failed to state a claim against Defendant upon which relief may be granted for punitive or exemplary damages.  No act or omission of Defendant was malicious, willful, reckless, outrageous, unconscionable, despicable,

contemptible, with conscious disregard for the rights or safety of Plaintiffs or others, or with malice, fraud and/or oppression as defined in California Civil Code § 3294.  Defendant asserts all statutory or judicial protection from punitive damages, and any and all standards or limitations regarding the determination and enforceability of punitive damages, as are available under the laws of the United States, California or other applicable states.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith/Compliance with Law/Due Care)

The FAC fails to state a claim because all conduct and activities of Defendant alleged in the FAC conformed to statute, government regulations, and industry standards based upon the state of knowledge existing at all relevant times.  Further, Defendant acted in good faith and at all times with regard to the conduct and activities alleged in the FAC.  Defendant exercised due care and diligence in all of the matters alleged in the FAC.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Acceptance of Goods After Reasonable Opportunity to Inspect)

Recovery is barred because Plaintiffs and other class members accepted the goods after a reasonable opportunity to inspect and discover any alleged non-conformity.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Rescind/Timeliness of Rescission)

Recovery is barred or inequitable because Plaintiffs and/or other class members did not comply with the requirements for rescission, including timely demand for rescission and an offer to restore the consideration to Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Puffing)

Plaintiffs', and any class members', claims are barred to the extent the labeling and advertising statements they complain of were non-actionable "puffing."

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiffs do not have standing, either on their own behalf or on behalf of the general public, and therefore are not entitled to relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Contributory Fault)

The recover of Plaintiffs and/or other class members is barred and/or should be reduced because of contributory negligence or fault and/or comparative negligence or fault.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

The FAC, and each cause of action alleged therein, is barred by the doctrines of unclean hands, estoppel, waiver, and laches.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Minimize Damages)

Plaintiffs, and any class members, failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages, and therefore, may not recover for losses that could have been reasonably prevented.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Comply with Statutory Pre-Suit Notice Requirement)

Plaintiffs' claims, and those of any class members, are barred in whole or part for failure to comply with applicable state statutory requirements to provide pre-suit notice or an opportunity to provide an appropriate remedy.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Voluntary Payment)

Plaintiffs, and any class members, are barred in whole or in part from their claims because they voluntarily paid for the Products after learning of the factual basis for their dispute.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing for Injunctive Relief)

Plaintiffs' claims for injunctive relief are barred because Plaintiffs lack Article III standing to sue for injunctive relief in this Court, as there is no future threat of injury or risk of recurrence to Plaintiffs.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Additional Affirmative Defenses)

Defendant currently has insufficient knowledge or information to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs and any class members take nothing by of the FAC;

2. That Defendant be awarded costs of suit incurred herein; and

3. For such other relief as the Court deems just and proper.

Dated this 11th day of October, 2022.

By:    */s/ Thomas B. Mayhew*
     Thomas B. Mayhew
     Michelle Kao
     Farella Braun + Martel LLP
     235 Montgomery Street, 17th Floor
     San Francisco, California 94104
     Telephone: (415) 954-4400
     Facsimile: (415) 954-4480

     Attorneys for L'ORÉAL USA, INC.